IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARDENAS,

      Plaintiff,

      v.

RECONTRUST CO, N.A.,
BAC HOME LOANS SERVICING, LP;
and DOES 1 through 50 inclusive,

      Defendants.

No. 2:11-cv-03477 LKK KJN PS

ORDER

Plaintiff, who is proceeding without counsel, filed his complaint on December 30, 2011.[1] (Compl., Dkt. No. 1.)  Presently before the court is plaintiff's application to proceed in forma pauperis (Dkt. No. 2).  For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h) for lack of subject matter jurisdiction. However, such dismissal is without prejudice.  Given plaintiff's pro se status, the undersigned will give plaintiff the opportunity to amend his pleading in order to state a proper basis for this court's jurisdiction.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.   Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.   Screening of Plaintiff's Complaint

   A.   General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

**(a) Claim for Relief.** A pleading that states a claim for relief must

contain:

**(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

Finally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

1  court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,
2  whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,
3  342 (9th Cir. 1996). Federal district courts are courts of limited jurisdiction that "may not grant
4  relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is
5  presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z
6  Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted).
7  The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction. See Fed. R. Civ.
8  P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court
9  must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d
10 982, 989 (9th Cir. 2003).

        B.      Plaintiff's Complaint

Plaintiff's complaint alleges foreclosure-related claims against two defendants. Plaintiff alleges that defendants engaged in "unfair collection practices arising out of the financing of plaintiff's real property" located at 938 Ruess Road, Ripon, California (the "Property"). (Compl. ¶ 1.)

Although plaintiff's complaint is 31 pages long, the allegations regarding the underlying foreclosure proceedings are rather limited. Plaintiff alleges that he is the owner of the Property. (Compl. ¶ 1.) He alleges that he purchased the Property "via a loan through AEGIS Wholesale Corporation." (Id. ¶ 21.) He also alleges that this loan was "later transferred to" defendant BAC Home Loan Servicing, LP ("BAC"). (Id.) He alleges that the Property was sold at a Trustee Sale "by Recontrust Co, N.A." ("Recontrust") as a "second given trustee" and that there was "no evidence of a valid substitution of Trustee." (Id. ¶ 22.)

Plaintiff alleges that he obtained his home loan in March 2001. (Id. ¶ 21.) Plaintiff makes various allegations related to the terms and conditions of his home loan. (Id. ¶¶ 25-31, 36-43, 46-49.) Plaintiff also alleges that he "applied for a loan modification" but that his application was denied, and that defendants made misrepresentations during the loan

4

modification process.  (Id. ¶¶ 31-34, 45.)  Plaintiff alleges that BAC made "excessive telephone calls" in efforts to collect payments.  (Id. ¶ 35.)  Plaintiff alleges that Recontrust and BAC "never complied with the Notice of Default provisions of the California Civil Code § 2924 and Notice of Sale provisions of California Civil Code § 2924(f).  (Id. ¶ 51.)

        Plaintiff purports to allege the following claims: (1) violation of California Civil Code § 2923.6; (2) promissory estoppel; (3) fraud; (4) to set aside Trustee's Sale; (5) to void or cancel Trustee's Deed Upon Sale; (6) wrongful foreclosure; (7) breach of contract; (8) breach of the implied covenant of good faith and fair dealing; (9) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (10) quiet title; (11) slander of title; (12) declaratory relief; (13) violation of § 1788.17 of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); and (14) violation of California Civil Code § 1572.

        In terms of jurisdiction, plaintiff alleges that

> 16.  Jurisdiction of this Court arises under California Code of Civil Procedure § 410.10 et seq.  The California Superior Court has jurisdiction over this action pursuant to California original jurisdiction in all in this case [sic], which presents California state law claims regarding California real estate transactions conducted by California based entities.
>
> 17.  Venue is proper in this court because the defendant's liability arose within the jurisdictional region of this Court.
>
> 18.  Defendant herein purposefully directed their activities to the State of California and consummated a transaction with a resident of the State of California, Plaintiff herein.  As a result, Defendant caused an event or events to occur in California, and more particularly in the County of Riverside, out of which this action arises and which forms the basis of this action.

(Compl. ¶¶ 16-18.)  Plaintiff also alleges that defendant Recontrust is "a private company organized under the laws of the State of California with its headquarters and principal place of business at 1800 Tapo Canyon Road, Simi Valley, CA 93063."  (Id. ¶ 4.)  Plaintiff alleges that defendant BAC is "a private company organized under the laws of the State of California with its

headquarters and principal place of business at P.O. Box 5170, Simi Valley, CA 93062-5179." (Id. ¶ 5.) Plaintiff also checked the "diversity" box on the Civil Cover Sheet. (Dkt. No. 1-1.)

### C. Subject Matter Jurisdiction

In short, the undersigned recommends that plaintiff's complaint be dismissed for lack of federal subject matter jurisdiction. (Compl. ¶¶ 16-18.) Plaintiff has not alleged a basis for diversity jurisdiction and has not adequately stated a basis for federal question jurisdiction.

Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) federal question jurisdiction; or (2) diversity jurisdiction.

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008).

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication

6

of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

    1.    *Plaintiff Has Not Sufficiently Alleged A Basis For Diversity Jurisdiction*

Here, plaintiff satisfactorily alleges that the amount in controversy exceeds $75,000. (Compl. at p. 30.) However, plaintiff has not sufficiently alleged that the parties' citizenship is completely diverse, and it readily appears that he cannot allege complete diversity of citizenship. Plaintiff alleges that both defendants are citizens of California. (Id. ¶¶ 4-5.) And although plaintiff does not expressly allege his state of citizenship, his complaint lists his address as being located in Ripon, California. (Compl. ¶ 3.) Because defendants are citizens of California, and because plaintiff readily appears to be a citizen of California, the parties are not completely diverse. Accordingly, this court lacks diversity jurisdiction over plaintiff's claims, and the undersigned dismisses plaintiff's complaint. However, in consideration of plaintiff's pro se status, such dismissal is without prejudice. Plaintiff shall have leave to amend his pleading to state, if possible, the basis for diversity jurisdiction in this action.

    2.    *Plaintiff Has Not Sufficiently Alleged A Basis For Federal Question Jurisdiction*

Moreover, plaintiff's complaint does not present any claims for relief that arise under federal law. See 28 U.S.C. § 1331. Further, as plaintiff explicitly alleges, all of plaintiff's claims arise from the laws of the State of California. (Compl. ¶¶ 16-18.) Plaintiff inexplicably cites the *state* Code of Civil Procedure as the basis for this *federal* court's jurisdiction. (Compl. ¶ 16.) However, plaintiff is proceeding without counsel in this action, and plaintiff has made some allegations about debt collection and the terms of his loan. Given plaintiff's pro se status,

it is possible that plaintiff intended to allege claims under the Fair Debt Collection Practices Act ("FDCPA") and/or the Truth In Lending Act ("TILA"), or perhaps other federal statutes. 15 U.S.C. §§ 1692 et seq. (FDCPA); 15 U.S.C. §§ 1601 et seq. (TILA). Claims under these federal statutes, if plaintiff did intend to allege them, could potentially provide the basis for federal question jurisdiction in this action. The undersigned will give plaintiff the opportunity to amend his pleading to state a basis for this court's jurisdiction over the matter, if plaintiff can do so in good faith. However, as described below, while the undersigned does not prejudge the issue, the allegations in plaintiff's pleading indicate that plaintiff may not be able to successfully amend his pleading to include such claims.

For instance, with respect to a potential FDCPA claim, plaintiff has already alleged some facts in efforts to plead a violation of the RFDCPA, California's debt collection statute. These alleged facts reveal that, even if plaintiff were given leave to amend, he could not likely state a claim under the FDCPA. This limitation is because defendants Recontrust and BAC are not "debt collectors" within the meaning of the FDCPA, and that even if they were to be considered debt collectors, the acts of foreclosing on a property pursuant to a deed of trust is not considered "debt collection" under the FDCPA.

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (second modification in original). In order to be liable under the FDCPA, a defendant must fall within the statutory definition of "debt collector" and have been engaged in the collection of a debt. See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008). The FDCPA defines a "debt collector" generally as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In addition, district courts in this Circuit have persuasively held that the

8

act of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. <u>Hulse v. Ocwen Fed. Bank, FSB</u>, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("[T]he activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."); accord <u>Lipscomb v. Mortgage Elec. Registration Sys., Inc.</u>, No. 1:11–CV–497 AWI JLT, 2011 WL 3361132, at *8 (E.D. Cal. Aug. 3, 2011) (unpublished) (collecting cases); <u>Arvizu v. GMAC Mortgage, LLC</u>, No. 1:10-cv-00990-OWW-JLT, 2011 WL 1087157, at *3-4 (E.D. Cal. Mar. 23, 2011) (unpublished) (rejecting claims that foreclosing on the plaintiff's property and filing an unlawful detainer action supported cognizable claims under the FDCPA).[2]

The undersigned concludes that, even assuming that the defendants could be considered "debt collectors" under the FDCPA, these defendants participated in the foreclosure of the subject Property pursuant to a deed of trust and were not engaged in the collection of a debt under the FDCPA. Based on prevailing case law, plaintiff may be unable to amend his pleading to state a claim under the FDCPA.

With respect to a potential TILA claim, plaintiff has alleged that the defendants failed to disclose certain fees in the loan documents relating to the real property at issue. (See Compl. ¶¶ 21, 25-31, 36-43, 46-49.) In terms of relief, plaintiff seeks to "cancel" the Trustee's Deed Upon Sale, "vacate and set aside" the foreclosure sale, and "vacate the Trustee's Deed." (Id. at pp. 29-30.) Plaintiff also seeks "forgiveness of [the] second mortgage loan and any or all late fees incurred." (Id. at 30.)

However, an obligor's right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," subject

---

[2] In <u>Hulse</u>, the district court reasoned: "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." <u>Hulse</u>, 195 F. Supp. 2d at 1204.

to certain exceptions not applicable here.  See 15 U.S.C. § 1635(f).  Section 1635(f), a statute of repose, is an "absolute" limitation on rescission claims, and is not subject to tolling.  See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (stating that "section 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction"); accord McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012) ("We thus adhere to Miguel's conclusion that § 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions."); see also Munoz v. Ashcroft, 339 F.3d 950, 957 (9th Cir. 2003) ("Statutes of repose are not subject to equitable tolling.").

      Here, the date of consummation of the transaction at issue, i.e., the loan transaction, occurred in March 2001.  (Compl. ¶ 21.)  As a result, plaintiff had to bring a TILA claim based on the non-disclosure of certain fees in the loan documents on or before March 2004.  Plaintiff filed his lawsuit on December 30, 2011, over ten years after the closing of the loan.  Accordingly, to the extent plaintiff intends to allege a TILA claim, based on the allegations in plaintiff's pleading, such claim would appear to be time-barred.  See, e.g., Mijes v. Banco Popular N. Am., No. 12-cv-00953-IEG (DHB), 2012 WL 1857846, at *2 (S.D. Cal. May 22, 2012) (unpublished) (dismissing TILA claims seeking rescission on the basis of undisclosed financing charges in a loan transaction where plaintiff filed suit more than five years after the loan transaction closed).  Nonetheless, the undersigned takes plaintiff's pro se status into account and permits plaintiff the opportunity to amend his pleading to allege a TILA claim, if plaintiff seeks to bring one.

      As currently pleaded, plaintiff's remaining claims, as currently pleaded, are premised on California law.  Accordingly, unless and until plaintiff can amend his pleading to state a proper basis for this court's jurisdiction, the undersigned will not analyze plaintiff's state law claims.  *If plaintiff does not timely file an amended pleading that includes a proper basis for this court's jurisdiction, the undersigned will recommend that this action be dismissed with*

*prejudice, and will recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(c)(2)-(3).*

III.   CONCLUSION

Based on the foregoing, the undersigned dismisses plaintiff's complaint. However, plaintiff is granted leave to file an amended complaint that states a proper basis for the court's jurisdiction. Lopez, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff cannot state such a basis in good faith, however, plaintiff should dismiss the action.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment the original pleading no longer performs any function and is "treated thereafter as non-existent." Id. "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." New York City Employees' Retirement System v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

Finally, the undersigned cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure

or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint (Dkt. No. 1) is dismissed for lack of subject matter or diversity jurisdiction, but such dismissal is without prejudice. 28 U.S.C. § 1915(e)(2).

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended pleading that states the proper basis for this court's jurisdiction. The amended complaint must bear the docket number assigned to this case and be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. The court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. See Loux, 375 F.2d at 57. Accordingly, once plaintiff files the First Amended Complaint, the original complaint no longer serves any function in the case. *Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.*

IT IS SO ORDERED.

DATED: September 21, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE