IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARDENAS,

      Plaintiff,                                 No. 2:11-cv-03477 LKK KJN PS

   v.

RECONTRUST CO, N.A.,
BAC HOME LOANS SERVICING, LP;
and DOES 1 through 50 inclusive,

      Defendants.                               ORDER

/

Plaintiff, who is proceeding without counsel and in forma pauperis, filed his complaint on December 30, 2011.[1] (Compl., Dkt. No. 1.) On September 24, 2012, the undersigned entered an order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h) for lack of subject matter jurisdiction. (Order, Dkt. No. 3.) However, such dismissal was without prejudice. Given plaintiff's pro se status, the undersigned gave plaintiff the opportunity to amend his pleading in order to state a proper basis for this court's jurisdiction.

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  Plaintiff was granted 30 days from September 24, 2012, to file an amended
2 complaint that was complete in itself and that addressed the deficiencies described in the
3 undersigned's order.  More than 30 days have passed since the October 24, 2012 deadline for
4 filing an amended pleading, and plaintiff has not filed an amended pleading to date.
5  A district court may impose sanctions, including involuntary dismissal of a
6 plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to
7 prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil
8 Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)
9 (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells
10 Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that
11 courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a
12 plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);
13 Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district
14 court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
15 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may
16 dismiss an action for failure to comply with any order of the court."); Thompson v. Housing
17 Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts
18 have inherent power to control their dockets and may impose sanctions including dismissal)."
19 The undersigned further informs plaintiff that Eastern District Local Rule 183(a) provides, in
20 part:

21  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
22  and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply
23  therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.
24

25  The undersigned has already informed plaintiff that a failure to comply with court
26 orders and timely pursue his case may result in the dismissal of this action.  Indeed, the

2

undersigned's order of September 24, 2012 informed plaintiff that a "failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed."  (Order, Dkt. No. 3 (citing authorities).)

Plaintiff has had ample time to file an amended pleading and has not done so, despite having been warned of the consequences.  Given plaintiff's pro se status, however, the undersigned will give plaintiff one final opportunity to amend his pleading to correct the deficiencies described in the undersigned's order of September 24, 2012.  (Id.)  Accordingly, plaintiff shall have until **November 24, 2012**, to file an amended pleading.  *Failure to timely file an amended complaint in accordance with this order and the court's order of September 24, 2012 will result in a recommendation that this action be dismissed pursuant to the authorities described above.*

      III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff shall have until **November 24, 2012**, to file an amended pleading in accordance with this order and the undersigned's prior order of September 24, 2012 (Order, Dkt. No. 3).  *Failure to timely file an amended complaint in accordance with this order will result in a recommendation that plaintiff's action be dismissed.*

2. The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint."  Plaintiff must file an original and one copy of the First Amended Complaint.  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

////

////

////

3

1          IT IS SO ORDERED.

2 DATED: November 1, 2012

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE