1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN CARDENAS,

11            Plaintiff,                       No. 2:11-cv-03477 LKK KJN PS

12       v.

13   RECONTRUST CO, N.A.,
     et al.,

14

15            Defendants.                      FINDINGS AND RECOMMENDATIONS
     _____/

16            Through these proposed findings and recommendations, the undersigned

17   recommends that plaintiff's case be dismissed with prejudice and that this case be closed.[1]

18   Although plaintiff was granted leave to amend his complaint, plaintiff twice failed to do so.

19   I.       BACKGROUND

20            Plaintiff, who is proceeding without counsel and in forma pauperis, filed his

21   complaint on December 30, 2011.  (Compl., Dkt. No. 1.)  On September 24, 2012, the

22   undersigned entered an order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and

23   Federal Rule of Civil Procedure 12(h) for lack of subject matter jurisdiction.  (Order, Dkt. No. 3.)

24   However, such dismissal was without prejudice.  Given plaintiff's pro se status, the undersigned

25

26   _____
          [1]  This case proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                   1

gave plaintiff the opportunity to amend his pleading in order to state a proper basis for this

court's jurisdiction.

Plaintiff was granted 30 days from September 24, 2012, to file an amended

complaint that was complete in itself and that addressed the deficiencies described in the

undersigned's order.  Plaintiff failed to file any amended pleading.  After more than 30 days

passed, the undersigned issued another order giving plaintiff yet another opportunity to file an

amended pleading.  (Order, Nov. 2, 2012, Dkt. No. 4.)  The undersigned warned plaintiff that if

he failed to file an amended pleading by November 24, 2012, the undersigned would recommend

that this case be dismissed.[2]  (Id.)

The undersigned's prior order specifically informed plaintiff that:

> A district court may impose sanctions, including involuntary
> dismissal of a plaintiff's case pursuant to Federal Rule of
> Civil Procedure 41(b), where that plaintiff fails to prosecute
> his or her case or fails to comply with the court's orders, the
> Federal Rules of Civil Procedure, or the court's local rules.
> See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)
> (recognizing that a court "may act *sua sponte* to dismiss a suit
> for failure to prosecute"); Hells Canyon Preservation Council
> v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)
> (stating that courts may dismiss an action pursuant to Federal
> Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's
> failure to prosecute or comply with the rules of civil
> procedure or the court's orders); Ghazali v. Moran, 46 F.3d
> 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a
> district court's local rules is a proper ground for dismissal.");
> Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)
> ("Pursuant to Federal Rule of Civil Procedure 41(b), the
> district court may dismiss an action for failure to comply with
> any order of the court."); Thompson v. Housing Auth. of City
> of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)
> (stating that district courts have inherent power to control
> their dockets and may impose sanctions including dismissal).

(Order, Nov. 2, 2012, Dkt. No. 4 at 2-3.)  The undersigned's prior order also informed plaintiff

---

[2]  The undersigned's prior order stated, with italicized emphasis, that plaintiff's "[f]ailure to timely file an amended complaint in accordance with this order and the court's order of September 24, 2012 will result in a recommendation that this action be dismissed . . . ."  (Id.)

1  that Eastern District Local Rule 183(a) provides, in part:

2
3              Any individual representing himself or herself without an attorney is
4              bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
               and all other applicable law.  All obligations placed on "counsel" by these
               Rules apply to individuals appearing in propria persona.  Failure to comply
5              therewith may be ground for dismissal . . . or any other sanction
               appropriate under these Rules.

6  (Id.)

7              To date, plaintiff has had ample time to file an amended pleading and has not

8  done so, despite having been warned of the consequences.  Moreover, given plaintiff's pro se

9  status, the undersigned gave plaintiff additional opportunities to amend his pleading to correct

10  the deficiencies described in the undersigned's order of September 24, 2012.  (Id.)

11  Notwithstanding those opportunities, plaintiff has not filed any amended pleading to date.

12  II.    DISCUSSION

13              Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

14  action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

15  failure to comply with the court's local rules, or failure to comply with the court's orders.[3]  See,

16  e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua

17  sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

18  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

19  pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

20  or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

21  1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

22  may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S.

23  915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district

24  ─────────────────

25        [3] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails
     to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the
26   action or any claim against it."  Fed. R. Civ. P. 41(b).

1   court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

2   amended petition), cert. denied, 538 U.S. 909 (2003).  This court's Local Rules are in accord.

3   See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

4   any order of the Court may be grounds for imposition by the Court of any and all sanctions

5   authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local

6   Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

7   Procedure, the court's Local Rules, and other applicable law may support, among other things,

8   dismissal of that party's action).

9          A court must weigh five factors in determining whether to dismiss a case for

10  failure to prosecute, failure to comply with a court order, or failure to comply with a district

11  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

12             (1) the public's interest in expeditious resolution of litigation;
               (2) the court's need to manage its docket; (3) the risk of prejudice
13             to the defendants; (4) the public policy favoring disposition of
               cases on their merits; and (5) the availability of less drastic
14             alternatives.

15  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

16  Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

17  "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

18  way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

19  Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

20         Although involuntary dismissal can be a harsh remedy, on balance the five

21  relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support

22  dismissal of this action.  Plaintiff's failure to file an amended complaint in response to two court

23  orders despite clear warnings of the consequences for such failures, strongly suggests that

24  plaintiff has abandoned this action or is not interested in seriously prosecuting it.  See, e.g.,

25  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

26  expeditious resolution of litigation always favors dismissal.").  Any further time spent by the

4

court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

       In addition, the third factor, which considers prejudice to a defendant, should be given some weight.  See Ferdik, 963 F.2d at 1262.  Although the court has not ordered that plaintiff's operative complaint be served on defendants, defendants remain named in a lawsuit.  It is difficult to quantify the prejudice suffered by defendants here; however, it is enough that defendants have been named in a lawsuit that plaintiff has effectively abandoned.  At a minimum, defendants have been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

       The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action.  As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, Malone v. Frank, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to file an amended complaint and provided plaintiff with additional time to file an amended complaint.  Moreover, the court advised plaintiff that he was required to actively prosecute his action and follow the court's orders.  It also warned plaintiff in clear terms that failure to file an amended complaint would result in a recommendation of dismissal with prejudice, based in part on plaintiff's consent to such a dismissal.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will

5

1   result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone,

2   833 F.2d at 132-33).  At this juncture, the court finds no suitable alternative to a recommendation

3   for dismissal of this action.  This finding is supported by the fact that plaintiff is proceeding in

4   forma pauperis and thus would very likely be unable to pay any monetary sanction imposed in

5   lieu of dismissal.

6           The court also recognizes the importance of giving due weight to the fourth factor,

7   which addresses the public policy favoring disposition of cases on the merits.  However, for the

8   reasons set forth above, factors one, two, three, and five strongly support a recommendation of

9   dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

10  proper "where at least four factors support dismissal or where at least three factors 'strongly'

11  support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

12  and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

13  outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

14  963 F.2d at 1263.

15  III.    CONCLUSION

16          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

17          1.      Plaintiff's action be dismissed with prejudice pursuant to Federal Rule of

18  Civil Procedure 41(b) and Local Rules 110 and 183(a).

19          2.      The Clerk of Court be directed to close this case and vacate all dates.

20          These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E. Dist.

24  Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

25  Findings and Recommendations."  Any response to the objections shall be filed with the court

26  and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule

1    304(d).  Failure to file objections within the specified time may waive the right to appeal the

2    District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>,

3    951 F.2d 1153, 1156-57 (9th Cir. 1991).

4                    IT IS SO RECOMMENDED.

5    DATED:  December 20, 2012

6

7

8    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26